UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ROBERTO PEREZ, : | |
|     Plaintiff : | |
| : | |
| v : | |
| : | CIVIL ACTION NO.: |
| JOHN WADJULA, : | |
| IGOR BASOVSKIY, and : | |
| CITY OF SPRINGFIELD : | |
|     Defendants : | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Roberto Perez, by and through undersigned counsel, and for his Complaint against John Wadjula, Igor Basovskiy, and City of Springfield, states as follows:

## PARTIES

1. The Plaintiff, Roberto Perez ("Mr. Perez"), is a natural person residing in Springfield, Hampden County, Massachusetts.

2. The Defendant, John Wadjula ("Wadjula"), is a natural person and resident of the Commonwealth of Massachusetts. At all times relevant to this Complaint, Wadjula was employed by the City of Springfield as a police officer.

3. The Defendant, Igor Basovskiy ("Basovskiy") is a natural person and resident of the Commonwealth of Massachusetts. At all times relevant to this Complaint, Basovskiy was employed by the City of Springfield as a police officer.

4. The Defendant, City of Springfield ("the City"), is municipal entity with a principal place of business located at 130 Pearl Street, Springfield, Hampden County, Massachusetts. At

all times relevant to this Complaint, the City maintained and operated the City of Springfield Police Department and its employees.

## JURISDICTION AND VENUE

5. The court has jurisdiction over this action pursuant to 42 U.S.C. §1983, which gives the district court jurisdiction over all civil actions arising from violations of rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

6. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 which gives the district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

7. This court also has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. §1367.

8. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

9. On or about January 20, 2019, the Defendants, Wadjula and Basovskiy, were dispatched to an apartment unit located at 41 Layzon Brothers Road, Indian Orchard, Massachusetts, for a reported domestic disturbance.

10. Upon arriving at 41 Layzon Brothers Road, the Defendants, Wadjula and Basovskiy, observed Mr. Perez standing outside the apartment's rear door.

11. The Defendants, Wadjula and Basovskiy, demanded Mr. Perez to show them his hands.

12. Mr. Perez, who was holding his cell phone at the time, complied with the Defendants Wadjula and Basovskiy's' demand, by raising his hands above his head.

13. Despite Mr. Perez' compliance with their demands, the Defendants Wadjula and Basovskiy drew their firearms and pointed them at Mr. Perez.

14. Upon observing the Defendants, Wadjula and Basovskiy pointing their firearms at him, Mr. Perez feared for his life and turned his back to the Defendants.

15. The Defendants, Wadjula and Basovskiy then discharged their firearms at Mr. Perez, expending between eight and eleven rounds.

16. Mr. Perez collapsed to the ground, having been struck by two bullets - one which penetrated his buttock and the other which penetrated his lower back.

17. While Mr. Perez lay on ground bleeding from his gunshot wounds, the Defendants, Wadjula and Basovskiy handcuffed and arrested him.

18. In an effort to justify their use of deadly force, the Defendants, Wadjula and Basovskiy conducted an exhaustive search of Mr. Perez's body and the Layzon Brothers Road property, but did not find a firearm or other dangerous weapon or object.

19. At no time relevant to this complaint, did Mr. Perez have a firearm or other dangerous weapon in his possession, nor did he possess any other object which a reasonable police officer would perceive to be a firearm or dangerous weapon.

20. After being shot and placed under arrest by the Defendants, Wadjula and Basovkiy, Mr. Perez was transported to the Baystate Medical Center Emergency Department where he was treated for his injuries and wounds.

21. A chest X-ray showed a round metallic object in the area of Mr. Perez' right eighth rib, but images from subsequent CT scans did not reveal any other retained bullet fragments.

22. Mr. Perez's gunshot wounds were packed, he was prescribed antibiotics, and he was recommended to obtain daily wound care.

23. The next day, January 22, 2019, Mr. Perez was arraigned in Springfield, District Court on one count of Unarmed Burglary, two counts of Assault with a Dangerous Weapon (firearm), and four counts of Threat to Commit a Crime.

24. At his arraignment, Mr. Perez was held without the right to bail pending a dangerousness hearing.

25. On February 7, 2019, the court conducted a dangerousness hearing and ordered Mr. Perez to be held without the right to bail for ninety days.

26. Pursuant to the order referred to in the preceding paragraph, Mr. Perez was held without bail.

27. On June 17, 2019, prosecutors filed a Nolle Prosequi of all charges against Mr. Perez.

28. As a direct and proximate result of being shot, Mr. Perez has sustained severe pain of body and anguish of mind and has been rendered permanently scarred and disfigured.

29. As a direct and proximate result of being shot, Mr. Perez has sustained a loss of function and has been rendered disabled and/or impaired.

30. As a direct and proximate result of being shot, Mr. Perez has suffered and continues to suffer from posttraumatic stress disorder, insomnia, and cold sweats.

## COUNT I – Violation of 42 U.S.C. s.1983
### Use of Excessive Force
### (Wadjula and Basovskiy)

31. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1-30 of the Complaint and, by reference, incorporates the same herein.

32. At all times relevant to the Complaint, the Defendants Wadjula and Basovsky were acting under the color of state law in their capacity as Springfield Police Officers.

33. At all times relevant to the Complaint, Mr. Perez had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from the use of excessive force.

34. Any reasonable police officer knows or should know that, given the circumstances described herein, the amount of force used by the Defendants Wadjula and Basovskiy was excessive.

35. The force used by the Defendants Wadjula and Basovskiy was likely to lead to unnecessary injury and did in fact lead to unnecessary injuries including but not limited to two gunshot wounds to Mr. Perez's left buttock and lower back.

36. As a direct and proximate result of the Defendants Wadjula and Basovskiy's use of excessive force, Mr. Perez has suffered and will continue to suffer severe pain of body and anguish of mind; has suffered and will continue to suffer lost earnings and/or earning capacity; has incurred and will continue to incur medical bills for reasonable and necessary medical treatment; has suffered and will continue to suffer a disruption in his daily activities and a diminished quality of life; and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

### COUNT II – Violation of 42 U.S.C. §1983
### (City of Springfield)

37. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 36 of the Complaint, and by reference, incorporates the same herein.

38. At all times relevant to the Complaint the Defendant, City of Springfield, owed a duty to Mr. Perez to implement: reasonable standards, policies and/or procedures for hiring police officers who are qualified to serve; reasonable standards, policies and/or

procedures regarding the training and supervision of the City's police officers; reasonable standards, policies and/or procedures regarding the use of force and regarding the degree of force which would be considered reasonable.

39. The Defendant, the City of Springfield, breached its duty to Mr. Perez and violated the provisions of 42 U.S.C. §1983 by failing to establish and implement: reasonable standards, policies and/or procedures for hiring police officers who are qualified to serve; reasonable standards, policies and/or procedures regarding the training and supervision of the City's police officers; reasonable standards, policies and/or procedures regarding the use of force and regarding the degree of force which is considered reasonable.

40. The Defendants Wadjula and Basovskiy's use of excessive force against Mr. Perez, in violation of Mr. Perez's Constitutional rights, resulted directly and proximately from the Defendant City of Springfield's breaches of duty as described herein.

41. As a direct and proximate result of the Defendant City of Springfield's wrongful conduct, Mr. Perez has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

### COUNT III – Violation of M.G.L. c. 12, §§11H and 11I
### (Wadjula and Basovskiy)

42. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 41 of the Complaint and, by reference, incorporates the same herein.

43. At all times relevant to the Complaint, Mr. Perez had a clearly established constitutional right to be free from unreasonable use of force.

44. Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

45. At all times relevant to the Complaint the Defendants Wadjula and Basovskiy were acting under color of state law in their capacity as police officers and their acts were conducted within their official duties and employment.

46. At all times relevant to the Complaint the Defendants Wadjula and Basovskiy were acting pursuant to municipal custom, policy, decision, ordinance, habit, usage or practice.

47. The Defendants Wadjula and Basovskiy interfered with Mr. Perez' exercise and enjoyment of his rights secured by the Constitution or laws of the United States and the Commonwealth of Massachusetts by the Defendants' use of threats, intimidation and/or coercion.

48. As a direct and proximate result of the Defendants Wadjula and Basovskiy's wrongful conduct, Mr. Perez has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

## COUNT IV- Violation of M.G.L. c. 12 §§11H and 11I
### (City of Springfield)

49. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 48 of the Complaint and, by reference, incorporates the same herein.

50. At all times relevant to the Complaint, Mr. Perez had a clearly established constitutional right pursuant to the Fourth and Fourteenth Amendments and the Massachusetts State Constitution to be free from the use of unreasonable and excessive force.

51. Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

52. At all times relevant, the Defendant, City of Springfield, was acting under color of state law.

53. At all times relevant to the Complaint, the Defendant, City of Springfield, established, implemented and followed municipal customs, policies, procedure, practices, decisions, ordinances, habits and usage concerning the hiring, training and supervision of the City's police officers; concerning the degree to which force may be used.

54. The Defendant, City of Springfield, owed a duty to Mr. Perez to implement: reasonable standards, policies and/or procedures for hiring police officers who are qualified to serve; reasonable standards, policies and/or procedures regarding the training and supervision of the City's police officers; reasonable standards, policies and/or procedures regarding the use of force and regarding the degree of force which would be considered reasonable.

55. The Defendant, City of Springfield, breached its duties to Mr. Perez, inter alia, by: failing to establish and/or implement reasonable standards, policies and/or procedures for hiring police officers who are qualified to serve; reasonable standards, policies and/or procedures regarding the training and supervision of the City's police officers; reasonable

standards, policies and/or procedures regarding the use of force and regarding the degree of force which would be considered reasonable.

56. As a direct and proximate result of the Defendants, City of Springfield's wrongful conduct, Mr. Perez has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

### COUNT V – Assault and Battery
### (Wadjula and Basovskiy)

57. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 56 of the Complaint and, by reference, incorporates the same herein.

58. The Defendants Wadjula and Basovskiy intentionally touched Mr. Perez's person without legal justification or excuse.

59. To the extent the Defendants Wadjula and Basovskiy were justified in touching Mr. Perez's person, the degree of force they used was excessive, unjustified, and unreasonable.

60. Mr. Perez did not consent to the Defendants Wadjula and Basovskiy touching his person.

61. As a direct and proximate result of the Defendants Wadjula and Basovskiy's wrongful conduct, Mr. Perez: has suffered and will continue to suffer severe pain of body and anguish of mind; has suffered and will continue to suffer lost earnings and/or earning capacity; has incurred and will continue to incur medical bills for reasonable and

necessary medical treatment; has suffered and will continue to suffer a disruption in his daily activities and a diminished quality of life; and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

**COUNT VI- Massachusetts Tort Claims Act**
**M.G.L. c. 258 §§ 2 & 4**
**(City of Springfield)**

62. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 61 of the Complaint and, by reference, incorporates the same herein.

63. At all times relevant hereto, the Defendants Wadjula and Basovskiy were acting in the course and scope of their employment as police officers for the Defendant City of Springfield.

64. At all times relevant hereto, the Defendants Wadjula and Basovskiy owed a duty to Mr. Perez to insure he was not harmed or injured while being taken into custody and while he was actually in custody.

65. The Defendants Wadjula and Basovskiy breached their duty of care to Mr. Perez by using excessive force which resulted in substantial injury to Mr. Perez.

66. As a direct and proximate result of the Defendants Wadjula and Basovskiy's breaches of their duty of care, Mr. Perez suffered substantial physical and emotional injuries including two gunshot wounds to his left buttock and lower back, and other damages and losses as described herein entitling him to compensatory damages economic damages, medical expenses, lost wages, lost future income, special damages in amounts to be determined at trial.

67. On May 22, 2019, Mr. Perez's prior counsel served the Defendant, the City, with a presentment letter pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4], by and through the Mayor Domenic Sarno and City Solicitor Attorney Edward Pikula.

68. To date, the Defendant, City of Springfield, has not responded to the presentment letter or made an offer to resolve this case.

### COUNT VII- Negligent Infliction of Emotional Distress
### (Wadjula, Basovskiy, and the City of Springfield)

69. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 68 of the Complaint and, by reference, incorporates the same herein.

70. At all times relevant hereto, the Defendants owed a duty to Mr. Perez to insure he was not unduly harmed or injured while being taken into custody and while he was actually in custody.

71. At all times relevant hereto Defendants Wadjula and Basovskiy were acting in the course and scope of their employment as police officers for the Defendant, City of Springfield.

72. The Defendants Wadjula and Basovskiy breached their duty of care to Mr. Perez by using unnecessary and excessive force which resulted in substantial injury to Mr. Perez.

73. As a direct and proximate result of the Defendants unnecessary and excessive use of force, Mr. Perez has suffered and continues to suffer severe emotional distress, and has suffered symptoms associated with that distress, including but not limited to insomnia and post - traumatic stress disorder.

## COUNT VIII- Intentional Infliction of Emotional Distress
### (Wadjula, Basovskiy)

74. Mr. Perez repeats and re-alleges the allegations contained in paragraphs 1 – 73 of the Complaint and, by reference, incorporates the same herein.

75. At all times relevant hereto, the Defendants Wadjula and Basovskiy intended to cause Mr. Perez severe emotional distress and/or knew or should have known their conduct towards Mr. Perez would cause him severe emotional distress.

76. The aforesaid conduct by Defendants Wadjula and Basovskiy was extreme, outrageous and beyond the bounds of decency and likely to result in severe emotional distress to Mr. Perez which Mr. Perez did in fact suffer.

77. As a direct and proximate result of the aforesaid actions and omissions of the Defendants, Mr. Perez suffered great pain of mind and body and was otherwise damaged.

## COUNT IV – Malicious Prosecution
### (Wadjula, Basovskiy, and the City of Springfield)

78. Mr. Perez repeats and realleges the allegations contained in paragraphs 1- 72 of the Complaint as if fully set forth herein.

79. All Defendants commenced a criminal prosecution against Mr. Perez in the Springfield District Court on charges of: Unarmed Burglary; two counts of Assault with a Dangerous Weapon; and four counts of Threat to Commit Murder.

80. Mr. Perez did not, at any time relevant to the facts in this case, ever possess, brandish, or wield any dangerous weapon, and more specifically did not possess, brandish, or wield a firearm.

81. All Defendants commenced and continued the criminal prosecution against Mr. Perez knowing and/or having reason to know that they lacked probable cause

82. All Defendants commenced and continued this criminal prosecution with malicious intent toward Mr. Perez.

83. The criminal prosecution against Mr. Perez was resolved in his favor by the entry of a Nolle Prosequi on all charges.

84. As a direct and proximate result of the Defendants' malicious prosecution, Mr. Perez was incarcerated for more than 90 days and suffered other damages, including but not limited to: severe pain of body and anguish of mind; lost earnings and/or earning capacity; medical bills for reasonable and necessary medical treatment; a disruption in daily activities; a diminished quality of life; and scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein

**WHEREFORE,** Mr. Perez requests this Court enter judgment against the Defendants jointly and severally on all counts of this Complaint and:

a. Award compensatory damages;

b. Award punitive damages;

c. Award interest and costs of this action to the Plaintiff;

d. Award attorneys' fees to the Plaintiff; and

e. Award such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Perez hereby demands a trial by jury on all issues so triable.

Dated: <u>March 9, 2020</u>                                         Respectfully submitted,
                                                                    The Plaintiff, Roberto Perez,
                                                                    By and through his attorneys,


                                                                    <u>*/S/ Matthew J. King, Esquire*</u>
                                                                    Matthew J. King, Esquire
                                                                    BBO#: 544448
                                                                    E-mail: mjk@raipher.com
                                                                    Raipher, P.C.
                                                                    265 State Street
                                                                    Springfield, MA 01103
                                                                    Tel. No.: (413) 746-4400
                                                                    Fax. No.: (413) 746-5353